[See Case No. 14,111.]

## Case No. 14,112a.

TOWN v. The AMERICAN BANNER.

[Betts' Scr. Bk. 525.]

District Court, S. D. New York. 1855.

MARITIME LIENS—PRIORITIES—PROCEEDS.

[This was a libel filed by Mathew Town to recover payment for certain repairs to the sloop American Banner.]

INGERSOLL, District Judge. This was an inquiry as to the respective equities of the claimants to the proceeds of the sloop American Banner. Two parties claimed the fund paid into court, as follows: Mr. Town claimed payment of a bill of sailmaker's work he had furnished the vessel about one year before he filed his petition amounting to about $400. Mr. Nye, a mortgagee, claimed payment of the amount of a mortgage he held on the one-half of the vessel. The cause was argued before his honor, Judge Ingersoll, on the commissioner's report finding the facts, by Mr. McMahon for Town, and Mr. Hadly for the mortgagee. The following facts were conceded: In April, 1855, the sloop American Banner was sold, and the proceeds, $1,500, paid into court. In April, 1855, Town filed his petition claiming payment out of the proceeds of his bill. The sails were ordered by one Raftery who was master and half owner, and were furnished in June, 1854. Thus the lien in rem, was lost by lapse of time. Nye claimed as mortgagee by virtue of a chattel mortgage of one-half of the vessel executed to him by Raftery on the 7th of March, 1853, to secure $1,100, being part of the purchase money under a sale made. three years before that. In March, 1853, Nye was a resident of Hudson, in this state. The vessel was then enrolled in Troy. The mortgage was an ordinary chattel mortgage, drawn up under the statutes relative to chattel mortgages. A year after the purchase, Raftery changes his residence to Gowanus, South Brooklyn. In May, 1854, Raftery sold one-half of the vessel to one Bayard, and, after the sale. the sails were furnished by Town. Two important questions arose: (1) Had Town the right to come in and claim his bill out of the proceeds into court after his lien was lost in rem? (2) Had the mortgagee, Nye, any standing in court where his mortgage did not possess some of the elements required by the enrolling and registry acts of the United States? The court decided that where proceeds were in court, and the question arose between the lien claimant and the owner, he would order the lien claimant if his debt was originally a maritime claim to be paid out of the proceeds; but if the question affected the rights of other parties he would hesitate to do so unless a proper case appeared. That where a mortgage lien appeared in court, even though informal

on its face, yet the court, in distributing proceeds, would equitably allow payment as between the owner and the mortgagee. Applying those principles to this cause, the court ordered Town's debt to be paid out of the one-half, and Nye's debt to be paid out of the other half.